UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER W. DINGER, | ) | CASE NO. 5:22-cv-2047 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| CANTON CITY POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On November 14, 2022, *pro se* plaintiff Christopher W. Dinger ("Dinger") filed the instant action alleging that defendants Canton City Police Department and Officer Daniel M. Szaniszlo ("Szaniszlo") (together, "defendants") violated his Eighth Amendment rights during Dinger's June 18, 2020 arrest. (Doc. No. 1 (Complaint).) According to Dinger's complaint, during his arrest, "Szaniszlo cut [Dinger's] wrist open with his handcuffs[.]" (*Id.* at 5.[1]) Dinger further alleged that he was "refused the bathroom for hours, chained to a steel table bleeding," received "no medical attention," had "only a pair of shorts on in the ice cold room[,]" and that officers "[t]hreatened [him by asking] how does it feel to be kidnapped[] and other gestures." (*Id.*) Dinger also alleged that he "filed a 42 U.S.C. [§] 1983 while in the Stark County Jail" but an officer there "would not

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

mail them out." (*Id.* at 6.) He alleged that this occurred October 2020 through December 2, 2020. (*Id.*)

On February 28, 2023, Dinger filed a "motion for leave to a file a legal memorandum or brief" to "more fully brief the issues" stated in his complaint "for the benefit of this [C]ourt and so [defendants] may more fully understand" his claim. (Doc. No. 6.) On March 2, 2023, Szaniszlo filed an answer to Dinger's complaint (Doc. No. 7), and a motion for judgment on the pleadings (Doc. No. 8).

On March 10, 2023, the Court construed Dinger's "motion for leave to a file a legal memorandum or brief" as a motion for leave to amend his complaint and denied the motion as moot because the time for Dinger to amend his complaint as a matter of course had not yet passed. (Doc. No. 9.) On March 16, 2023, Dinger filed a motion for leave to amend his complaint. (Doc. No. 10.) On March 17, 2023, this Court denied Dinger's motion as moot because the time for Dinger to amend his complaint as a matter of course had still not yet passed. (Doc. No. 11.) In its order, the Court advised Dinger that he could amend his complaint as a matter of course by March 27, 2023, or proceed with his initial complaint and file a response to the pending motion for judgment on the pleadings. (*Id.*)

On March 20, 2023, Dinger filed a "motion to strike and objections to Officer Szaniszlo's motion for judgment on the pleadings" (Doc. No. 12), and on April 3, 2023, Dinger filed a motion for appointment of counsel. (Doc. No. 13.) The Court construes Dinger's "motion" and "objections" as his opposition to Szaniszlo's motion for judgment on the pleadings, which is now ripe for the Court's review.[2]

---

[2] Dinger's motion asks this Court to strike certain statements made in Szaniszlo's motion concerning Dinger's criminal

2

For the reasons set forth herein, Szaniszlo's motion for judgment on the pleadings is granted (Doc. No. 8), and Dinger's motion to strike and motion for appointment of counsel are denied as moot (Doc. Nos. 12, 13). Dinger's claims against Szaniszlo and the City of Canton Police Department are dismissed, and this case is closed.

**I. LEGAL STANDARD**

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6). *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). "'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *Winget*, 510 F.3d at 581 (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The district court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

In considering a Rule 12(c) motion, the allegations in the complaint are the Court's primary focus. "To survive a motion to dismiss [or judgment on the pleadings], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

case. (Doc. No. 12 ¶¶ 37–38.) Dinger contends the statements will "prejudice this Honorable Court" and "persuade the Court[] in [d]efendant Szaniszlo's favor." (*Id.*) Because this Court did not consider any statement about Dinger's "other case" in resolving the pending motion for judgment on the pleadings, Dinger's motion to strike is denied as moot.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotation marks omitted). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

## II.  DISCUSSION

In his motion, Szaniszlo contends that he is entitled to judgment on Dinger's Section 1983 claim alleging a violation of the Eighth Amendment because (1) the statute of limitations has passed and (2) the Eighth Amendment does not provide any protection to a person before they are convicted. (Doc. No. 8, at 2.) Szaniszlo also alleges that Dinger's claims against the City of Canton Police Department fail because the City of Canton Police Department is not an entity subject to suit. (*Id.*)

### A.  Section 1983 Claim Against City of Canton Police Department

It is well settled that police departments are not sui juris, meaning they are not separate legal entities under Ohio law that can sue or be sued. *Wagner v. City of Canton*, No. 5:19-cv-377, 2020 WL 1514551, at *1 n.2 (N.D. Ohio Mar. 30, 2020) (finding Canton Police Department is not sui juris). Rather, "[t]hey are merely sub-units of the municipalities they serve" (in this case the City of Canton) and they do not have a separate legal existence. *See Deir v. Lake Cnty.*, No. 1:12-

4

cv-110, 2012 WL 1142467, at *3 (N.D. Ohio Apr. 4, 2012); *see Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 531 (N.D. Ohio 2012) (collecting cases).

The Court notes that Dinger seemed poised to amend his complaint to add the City of Canton as a defendant to this action. Dinger, however, failed to file an amended complaint, even after the Court advised him of his deadline to do so. Even if Dinger had amended his complaint to add the City of Canton, or his claim against the City of Canton Police Department could be liberally construed as asserted against the City of Canton, the claim against this defendant would be dismissed still. Local governments generally may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated" by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).

Here, Dinger has not pleaded any facts suggesting a policy or custom of the City of Canton that may have caused a constitutional deprivation. He, therefore, fails to state a plausible claim against the City of Canton. And even if Dinger's action was not subject to dismissal as noted above, any claim against the City of Canton would still fail. As discussed in detail below, Dinger's Section 1983 claim premised on a violation the Eighth Amendment is not cognizable because

Dinger was not in custody because of a criminal conviction at the time of the alleged injury and, even more, the statute of limitations for any such claim has passed.

For all these reasons, Dinger's claim against the City of Canton Police Department is dismissed.

### B. Section 1983 Claim Against Szaniszlo

Dinger alleges that Szaniszlo violated his Eighth Amendment right to be free from cruel and unusual punishment when he "cut [Dinger's] wrist open with his handcuffs," "refused [Dinger] the bathroom for hours, chained to a steel table bleeding," denied Dinger "medical attention," when he had "only a pair of shorts on in the ice cold room[,]" and "[t]hreatened [him by asking] how does it feel to be kidnapped[] and other gestures." (Doc. No. 1, at 5.) As alleged by Dinger's complaint, all these events giving rise to his injury occurred during his arrest but before his conviction—when he was a pretrial detainee. (*See id.*) The Eighth Amendment, however, "does not apply to pretrial detainees." *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). For this reason, Dinger's Eighth Amendment claim fails as a matter of law.

Pretrial detainees are afforded a right to adequate medical treatment under the Fourteenth Amendment's Due Process Clause that is analogous to the Eighth Amendment rights of prisoners. *Id.* (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244, 103 S. Ct. 2979, 77 L. Ed. 2d 605 (1983)). Dinger did not allege a claim under the Fourteenth Amendment's Due Process Clause in his complaint. (*See* Doc. No. 1.) Even if he had, or the Court liberally construed his complaint as alleging such, Dinger's claim would fail still because the statute of limitations has passed.

The statute of limitations for Section 1983 claims brought in Ohio is two years. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) ("[W]e hold that the appropriate statute of

6

limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual."). As alleged in Dinger's complaint, his claims accrued on the day of his arrest: June 18, 2020. (Doc. No. 1, at 5.) Dinger did not file this action until November 14, 2022, which is well beyond the two-year statute of limitations and, thus, his claim is time barred and must be dismissed.

To the extent Dinger alleges he is entitled to equitable tolling because he "filed a 42 U.S.C. [§] 1983 while in the Stark County Jail" but an officer there "would not mail them out" (Doc. No. 1, at 6; Doc. No. 12 ¶¶ 19–22), the Court finds equitable tolling is not applicable. The Sixth Circuit has held that where, as here, a state's statute of limitations is borrowed for Section 1983 claims, the state's tolling rules are also applied unless they are inconsistent with federal law or policy. *See Roberson v. Macnicol*, 698 F. App'x 248, 250 (6th Cir. 2017) (citing *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 842 (6th Cir. 2015)). "Ohio courts have rarely invoked the doctrine of equitable tolling." *Ashdown v. Buchanan*, No. 2:17-cv-495, 2021 WL 2643111, at *4 (S.D. Ohio June 28, 2021) (citing *Weikle v. Skorepa*, 69 F. App'x 684, 687 (6th Cir. 2003)). "A litigant seeking equitable tolling must show that he has diligently pursued his rights, but some extraordinary circumstance stood in his way and prevented timely action." *Id.* (quotations and citations omitted). In short, "equitable tolling under Ohio law is to be applied sparingly and only in exceptional circumstances." *Id.* (citing *G.G. Marck and Assocs., Inc. v. Peng*, 762 F. App'x 303, 312 (6th Cir. 2019)).

Even if Dinger did try to mail his complaint while in Stark County Jail, he alleges that this occurred between October 2020 and December 2020. (Doc. No. 1, at 6.) He has not provided any explanation for his decision to wait another 23 months before filing the instant action. Nor does he

7

allege any "extraordinary circumstances" which would have prevented him from filing this complaint by June 18, 2022, even if his original complaint was not mailed. For these reasons, Dinger is not entitled to equitable tolling and his claim is barred by the statute of limitations and must be dismissed.

### III.  CONCLUSION

For the aforementioned reasons, Szaniszlo's motion for judgment on the pleadings is GRANTED (Doc. No. 8) and Dinger's motion to strike and motion for appointment of counsel are DENIED as moot (Doc. Nos. 12, 13). Dinger's claims against City of Canton Police Department and Szaniszlo are DISMISSED and this case is CLOSED.

**IT IS SO ORDERED**.

Dated: May 17, 2023

                                                   **HONORABLE SARA LIOI**
                                                   **UNITED STATES DISTRICT JUDGE**